**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Darryl L. Miller, | ) | CASE NO. 1:04 CV 1860 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Carl Anderson, Warden, | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Limbert (Doc. 23) which recommends dismissal of the Petition for Writ of Habeas Corpus now pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**<u>Introduction</u>**

Petitioner, Darryl L. Miller, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated after being sentenced in the Lorain County Court of Common Pleas pursuant to a plea agreement. This matter has been fully briefed and the Magistrate Judge issued his Report and Recommendation

1

recommending that the Petition for Writ of Habeas Corpus be dismissed with prejudice. Petitioner has filed Objections to the Report and Recommendation.

### Standard of Review

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

### Discussion

In 1999, pursuant to a plea agreement, petitioner was sentenced for drug related offenses to an aggregate term of 11 years.  Petitioner's four grounds for relief herein relate to the circumstances in which he agreed to plead guilty in state court and the alleged abuse of discretion by the trial court: 1) "conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant," 2) "denial of effective assistance of counsel," 3) "trial court's denial of an evidentiary hearing concerning mitigating evidence was prejudicial to the defendant," and 4) "conviction obtained by a plea of guilty which was unlawfully induced by threats from the trial judge."

The Magistrate Judge found petitioner's first and third grounds for relief to be procedurally defaulted and, alternatively, not cognizable on federal habeas review.  This Court agrees.[1]

---

[1]     In his objections, petitioner appears to concede that his claims are unexhausted and defaulted but asks this Court to grant his request to expand the record to determine the circumstances of his plea.  The Magistrate Judge denied petitioner's motion to expand the record, apart from his recommendation that the Petition be dismissed.  In his motion to expand the record, petitioner seeks to introduce an

2

Petitioner did not raise his first and third grounds for relief on his direct appeal, but rather he asserted them initially in his third motion to withdraw his guilty plea.  The Ohio Court of Appeals determined that the failure to raise the claims on direct appeal barred petitioner, under the doctrine of *res judicata,* from seeking review of the claims during post-conviction proceedings.  Accordingly, the Magistrate Judge correctly found the claims to be procedurally defaulted under Ohio's doctrine of *res judicata* and waived for habeas corpus purposes.

The Magistrate Judge further concluded that even if not defaulted, the claims were not based upon constitutional errors that were material to the outcome of the case, and that resulted in a denial of fundamental fairness to the petitioner.  In particular, the Magistrate Judge found the guilty plea to be both voluntary and intelligent as petitioner affirmed that he understood the rights and consequences of pleading guilty as outlined by the trial judge.  The Court agrees with this conclusion.

The Magistrate Judge additionally found petitioner's second and fourth grounds for relief, based on ineffective assistance of counsel and judicial misconduct, to be unexhausted and procedurally defaulted because petitioner failed to raise ground two before the Ohio Supreme Court and did not present ground four to any state court.  This Court agrees that these grounds

_____

affidavit wherein he avers that his trial counsel told him he should plead guilty and accept the lesser sentence.  He also avers that during a hearing, the trial court told petitioner, off the record, that he would lose at trial and should accept the generous offer of 11 years rather than receive a 25-30 year sentence following trial.  The trial court further indicated to petitioner, upon reviewing the co-defendant's transcripts, that the state had enough evidence to convict him and he would be wise to accept the 11 years.  The Court does not find the denial of the motion to expand the record to be clearly erroneous or contrary to law and, as discussed below, the Magistrate Judge correctly found that petitioner's plea of guilty was entered knowingly and voluntarily.

are subject to dismissal because a federal habeas court may not review claims on the merits that have never been presented to the state courts (i.e., exhausted) or have not been properly presented (i.e., procedurally defaulted).

For the foregoing reasons, petitioner has not demonstrated that the Petition for Writ of Habeas Corpus should be granted.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied.  Further, this Court hereby fully incorporates the Report and Recommendation by reference herein.

This Court now considers whether to grant a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253 which states in relevant part:

> \*\*\*
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the United States Supreme Court determined that

> "[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"

4

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) ).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong."  *Id.* at 484.  In instances where a claim is  procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* (emphasis supplied).

For the reasons stated above and in the Report and Recommendation, this Court finds no basis upon which to issue a certificate of appealablity.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 2/27/06

5